UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 10-20436

THEODORE COOPER STEWART,        Hon. David M. Lawson

    Defendant.
    _____/

## DEFENDANT'S COMBINED RENEWED MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 AND MOTION FOR A NEW TRIAL PURSUANT TO RULE 33.

    Defendant Theodore Cooper Stewart, by and through his attorneys, Andrew N. Wise and James R. Gerometta of the Federal Defender Office, hereby files this Motion for a Judgment of Acquittal and Motion for a New Trial.  In support Defendant files a supporting brief and further states that:

    1.  Defendant Theodore Stewart was charged by way of indictment with two counts of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1).

    2.  The charges allege that Defendant transported child pornography into the country.  Count 1 dealt with five images that apparently had been downloaded from the internet (Exhibits 8 - 12).  Count 2 dealt with eight cropped pictures that were taken by the same model camera owned by Mr. Stewart (Exhibits 18, 20, 22, 24, 27, 29, 31 and 34).

    3.  The jury returned a verdict on guilty on both counts, but rejected the

Government's theory that three of the five images in Count 1 were child pornography that Mr. Stewart knowingly transported (Exhibits 10-12).

4. All the images the jury based its conviction of Mr. Stewart on were close cropped photos of female genitals. Of the nine pictures, only one contains any sexually suggestive imagery outside of the fact that they are pictures of female genitalia (Exhibit 8).

5. The jury improperly found that Mr. Stewart knew the eight photos that were simply cropped photos of genitals were lascivious and this Court should enter a judgment of acquittal under Rule 29 to those photographs that do not contain suggestive imagery. (All the photographs except Exhibit 8)

6. The First Amendment prohibits criminalizing the manipulation of photographs that do involve the abuse or exploitation of children in their taking. For these reason, the Court should dismiss Count 2.

7. The prejudicial spillover effect of the jury's consideration of the photographs at issue in paragraphs 5 and 6 undoubtedly tainted the jury's deliberation on Exhibit 8. Because of this taint, a new trial should be ordered as to Count 1.

8. During closing argument, the Government showed the jury magnified images of Exhibits 8 and 9. These images were of significantly higher quality that those entered into evidence as the actual exhibits. In fact, they were significantly easier to see and more detailed than the thumbnail images reviewed by counsel during discovery.

9. Because part of Mr. Stewart's defense to Count 1 was that he did not know that the images at issue were in fact of minor children, allowing to view images that had significantly better resolution than the actual exhibits was prejudicial error. This is especially true where the true age of the girls was much more readily apparent in the images as they were presented to the jury than it was in the photographs as they would have been viewed from Mr. Stewart's computer. For this reason the Court should grant a new trial as to Count 1.

WHEREFORE, Defendant Theodore Stewart hereby moves this Honorable Court to enter a judgment of acquittal on Count 2 and order new trial on Count 1, but only allowing consideration of exhibit 8.

Respectfully submitted,

**LEGAL AID & DEFENDER ASSOCIATION, INC.
FEDERAL DEFENDER OFFICE**

s/James R. Gerometta

/s Andrew N. Wise
Attorneys for Defendant
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5839
E-mail: james_gerometta@fd.org
P60260

Dated: October 1, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                  Case No. 10-20436

THEODORE COOPER STEWART,                      Hon. David M. Lawson

      Defendant.
_____/

**BRIEF IN SUPPORT OF**
**DEFENDANT'S COMBINED RENEWED MOTION**
**FOR JUDGMENT OF ACQUITTAL PURSUANT TO**
**RULE 29 AND MOTION FOR A NEW TRIAL PURSUANT TO RULE 33.**

I.

INTRODUCTION

On August 24, 2010, Defendant Theodore Stewart was charged by way of indictment with two counts of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). The charges alleged that Defendant transported child pornography into the country on his computer through Detroit Metro Airport. Count 1 dealt with five images that appeared to have been downloaded from the internet (Exhibits 8 - 12). Count 2 dealt with eight cropped pictures that were taken by the same model camera owned by Mr. Stewart (Exhibits 18, 20, 22, 24, 27, 29, 31 and 34). In order to insure the jury convicted based a unanimous theory, the parties agreed to use a special verdict form listing each photograph.

On September 17, 2010, the jury returned a verdict on guilty on both counts, but rejected the Government's theory on three of the five images in Count 1 (Exhibits 10-12).

All of the images on which the jury based its conviction of Mr. Stewart were close cropped photos of female genitals. Of the nine pictures, only one contains any sexually suggestive imagery outside of the fact that they are pictures of female genitalia. That picture, exhibit 8, is a close up of a the pubic area of a female's genitals with only the labia majora visible. There is, however, also a penis being held by a hand visible in the picture.

II.

2

ARGUMENT

A.  THE DEFENDANT COULD NOT HAVE KNOWN EXHIBITS 9, 18, 20, 22, 24, 27, 29, 31 AND 34 WERE LASCIVIOUS.

Congress has enacted a series of statutes to address the exploitation of children in child pornography. Because some displays of the genitals of minors are protected by the First Amendment, congress attempted to craft a statute that constitutionally defines child pornography at 18 U.S.C. § 2256. Child pornography is defined as sexually explicit conduct involving a minor, or an image modified to appear to be sexually explicit conduct involving an identifiable minor.[1] Sexually explicit conduct is defined as: (1) sexual intercourse; (2) bestiality; (3) masturbation; (4) sadistic or masochistic abuse; or (5) the lascivious exhibition of the genitals or pubic areas.

While the first four categories are relatively straight forward, the fifth category, the lascivious exhibition of the genitals has been difficult for courts to define. Courts have relied on a six factor test set forth in *United States v. Dost*, 636 F.Supp. 828 (S.D. Cal. 1986). The *Dost* factors are: (1) whether the focal point of the depiction is the child's genitalia or pubic area; (2) whether the setting is sexually suggestive; (3) whether the child is depicted in an unnatural pose; (4) whether the child is fully or partially clothed, or nude; (5) whether the depiction suggest sexual coyness; and (6) whether the depiction is intended to elicit a sexual response in the viewer.

---

[1] Congress attempted to criminalize the creation of digital images that were indistinguishable from depictions of minors engaged in sexually explicit activity, but this restriction was struck down in *Ashcroft v. Free Speech coalition,* 535 U.S. 234 (2002).

3

While intending to clarify "lascivious", as noted by the First Circuit, the *Dost* factors have themselves created some confusion in their application, particularly the sixth factor:

> Is this a subjective or objective standard, and should we be evaluating the response of an average viewer or the specific defendant in this case? Moreover, is the intent to elicit a sexual response analyzed from the perspective of the photograph's composition, or from extrinsic evidence (such as where the photograph was obtained, who the photographer was, etc.)?

*United States v. Amirault*, 173 F.3d 28, 34 (1st Cir. 1999).

Some circuits have answered these questions by limiting the analysis of the lasciviousness of the image to the four corners of the photograph. See e.g. *United States v. Villard,* 885 F.2d 117, 122 (3rd Cir. 1989). The Sixth Circuit rejected this argument in *United States v. Brown*, 579 F.3d 672, 683 (6th Cir. 2009), finding that the intent of the photographer was relevant. However, the Court was concerned that if they were to "frame the inquiry to broadly and place too much emphasis on the subjective intent of photographer or viewer . . . a seemingly innocuous photograph might be considered lascivious based solely on the subjective reaction of the person who is taking or viewing it." *Id.* The Sixth Circuit had this concern because a rule focusing overly on subjective reactions "could invoke the constitutional concerns associated with criminalizing protected expressive activity." *Id.*

With this limitation in mind, the Sixth Circuit adopted a "limited context" test, which allows consideration of only the context in which the photographs were taken. The

4

Court went on to enumerate three factors it considered helpful: (1) where, when, and under what circumstances the photographs were taken; (2) the presence of other images of the same victim(s) taken at or around the same time; and (3) any statements made by the defendant about the images. *Brown*, 579 F.3d at 684.

If an image meets the test for constituting child pornography, it is illegal to transport it, if the person transporting the image is aware of the lascivious nature. See *e.g. United States v. Williams*, 553 U.S. 285, 294 (2008) (applying "knowingly" to every element of 18 U.S.C. § 2252A(a)(3).

The due process clause requires that a criminal statute give sufficient notice that the conduct it encompasses is unlawful. Where it is not clear what conduct is covered by a statute, that statute is unconstitutionally vague. Courts must be especially vigilant of vagueness in statutes that could infringe on speech protected by the First Amendment.

Exhibits 9, 18, 20, 22, 24, 27, 29, 31 and 34 are close up photographs of female genitals. Other than the subject matter of the photographs, genitalia, there is nothing sexual about them. They are the focus of the picture (*Dost* factor 1), but there is no sexually suggestive setting, no unnatural posing, and no sexual coyness (*Dost* factors 2, 3 and 5). Because they are close up photographs of the genitals, the absence of clothing would seem to be immaterial (*Dost* factor 4).

Turning to the intent of the photograph and photograph (*Dost* factor 6), we know nothing about the circumstances of exhibit 8. The remaining exhibits are photographs

5

that were taken while young girls were swimming on a beach.  They are part of a larger set of photographs that capture the children in very natural poses.  While the photographs were later cropped to focus on the genitals, at the time the photographs were taken, there does not appear to be any lascivious focus or other indications that the primary purpose was sexual gratification.  Prior to the photographs being cropped to focus on the genitals, exhibits 18, 20, 22, 24, 27, 29, 31 and 34  were no different than National Geographic photographs often cited as examples of non-lascivious depictions of genitals, and exhibit 9 was no different than a close up illustration from a medical text book.  See e.g. *New York v. Ferber*, 458 U.S. 747, 773 (1982).

The mere cropping of the photographs cannot turn non-lascivious photographs into lascivious photographs.  This is true even if the person cropping the photographs did so for sexual gratification.  The focus of the inquiry must be on the photograph itself and the circumstances under which it was taken.  To focus on the reason the photograph was possessed criminalizes expressive conduct and runs the risk "a sexual deviant's quirks could turn a Sears catalog into pornography."   *Brown* 579 F.3d at 683 (citing *United States v. Amirault*, 173 F.3d 28, 34 (1st Cir. 1999).  Given the lack of sexual context, the only basis for finding exhibits 9, 18, 20, 22, 24, 27, 29, 31 and 34 lascivious is the belief that Mr. Stewart possessed them for sexual gratification.  However, this is exactly the sort of inference the Sixth Circuit disallowed in *Brown*.  See *Brown,* 579 F.3d at 684.

Like the videos of girls taking a bath at issue in *Brown*, the lack of any *Dost* factors

indicating overt sexuality renders them objectively non-lascivious. *Id.* at 681. For this reason, the Court should find the photographs legally cannot be lascivious and grant a judgment of acquittal under Federal Rule of Criminal Procedure 29.

Even if the court finds the photographs lascivious, it should still grant a motion under Rule 29. Given the ongoing legal debate regarding how lasciviousness is determined, it was unreasonable for the jury to find, beyond a reasonable doubt, that Mr. Stewart could have known the photographs were objectively lascivious, even if they believed he was sexually gratified by them.

If this Court declines to grant relief under Rule 29, it should, "sitting as a 13th juror", order a new trial in the interest of justice. See *United States v. Turner*, 490 F.Supp. 583, 593 (E.D.Mich.1979), aff'd, 633 F.2d 219 (6th Cir.1980), cert den., 450 U.S. 912 (1981).

B.  THE FIRST AMENDMENT PROHIBITS CRIMINALIZING THE MANIPULATION OF PHOTOGRAPHS THAT DO INVOLVE THE ABUSE OR EXPLOITATION OF CHILDREN WHEN TAKEN.

There is no doubt that the federal government or the states can criminalize visual depictions of the exploitation of children. *New York v. Ferber*, 458 U.S. 747 (1982). Likewise, it is now beyond dispute that depictions that merely appear to be minors engaged in sexual activity cannot be criminalized if they are made without the participation of actual minors. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002). The Supreme Court has not addressed the issue of the modification of photographs of minors that are not themselves sexually explicit in order to make them appear sexually

explicit.  This type of modification generally takes place were the faces of minors are superimposed over naked adult female bodies.  However, the cropping of the images in Count 2 would also fit into this category.  The origins of exhibit 9 are unknown, but there is no evidence to dispute that it also fits into this category of cropped images from non-lascivious photographs.

In *State v. Zidel*, 940 A.2d 255 (2008), the New Hampshire Supreme Court considered the case of superimposed images and found that the possession of modified images that were not the product of sexually abusive activity could not constitutionally be criminalized.  The *Zidel* court closely examined the justifications for prohibiting child pornography and found that, as in *Ashcroft*, they did not justify restricting free speech.  First, there is no evidence that virtual or modified child pornography leads to actual abuse.  Second, even if the images "whet the appetite" of pedophiles, the mere tendency of speech to encourage unlawful activity is an insufficient basis for banning it.  Third, there is no legitimate governmental interest in drying up the market for these images because they are not themselves the product of abusive illegal acts, as opposed to images produced through the exploitation of a child.  Fourth, even if it is difficult to tell virtual or modified images from actual child pornography, a ban on protected speech is not constitutional simply because it makes it easier for the government to enforce a ban on unprotected speech.  Finally, the *Zidel* court rejected the argument that the mere existence of images of minors where they appeared to be engaged in sexually explicit activity harms

those minors, this harm was too indirect.  *Zidel*, 940 A.2d at 260-264.

As in *Zidel*, there is no demonstrable harm to the children depicted in exhibits 9, 18, 20, 22, 24, 27, 29, 31 and 34.  For this reason, there is no justification for removing them from the protection of the First Amendment, and the guilty verdict based on them should be vacated.

C.  THE PREJUDICIAL SPILLOVER OF ALLOWING THE JURY TO CONSIDER EXHIBITS 9, 18, 20, 22, 24, 27, 29, 31 AND 34 DURING THEIR DELIBERATIONS WARRANTS A NEW TRIAL ON EXHIBIT 8.

Federal Rule of Criminal Procedure 14 provides relief from joinder of offenses or defendants where justice requires.  Courts must be mindful os the spillover effect of evidence from one count prejudicing a jury's consideration of other counts.  See *United States v. Wirsing*, 719 F.2d 859 (6th Cir. 1983).  In the context of child pornography, the nature of the offense creates a greater than usual chance of prejudicial spillover from one count or image to another.  Here, the jury should not have been considering a number of images due to both the fact they were not legally lascivious, and due to their protected status under the First Amendment.  There is a danger that the sheer number of images and the age of the girls in exhibits 18, 20, 22, 24, 27, 29, 31, and 34 prejudiced the jury's consideration of image 8 an a new trial should be granted.

D.   IT WAS PREJUDICIAL ERROR TO ALLOW THE JURY TO SEE A MAGNIFIED IMAGE OF HIGHER QUALITY THAN THE IMAGE INTRODUCED AS AN EXHIBIT.

Part of the defense to the images contained in exhibits 8 and 9 was that the Government could not prove beyond a reasonable doubt that Mr. Stewart knew the subjects depicted in the images were minors. This argument was based in part on the size and resolution of the images. The exhibits admitted at trial were small thumbnail images of poorer quality. In closing argument, however, the Government presented much larger and clearer images. From counsel's recollection, these images appeared to be larger and clearer than the images on the Government's forensic disk shown counsel in discovery review. Defendant objected to the use of images. The court allowed them to be used, but admonished the jury that the exhibits, not the images were in evidence.

Demonstrative exhibits are allowable only where it accurately reflects the evidence admitted at trial. See e.g. *United States v. Jones,* 124 F.3d 781 (6th Cir. 1997) (Allowing a videotaped explosion of a bomb only when it was substantially similar to explosives in the case.) Here the images used by the Government did not accurately reflect the admitted exhibits and were not substantially similar. While the jury was admonished to consider the actual exhibits, where the defense relied on the lack of clarity of the details of the images, it seems unlikely that the jury could ignore the larger clearer image they were shown during closing arguments. More importantly, the images appeared larger and clearer than the images were when viewed on a computer screen as they would have been

by Mr. Stewart.  Given that Mr. Stewart's knowledge of the age of subjects of the photographs was an important issue at trial, the potential for prejudice is great. Because of the difference between the admitted exhibits and the images shown during closing arguments, this Court should enter an order granting a new trial.

III.

CONCLUSION

For the above states reasons, this Court should dismiss Count 2, and order a new trial on Count1.

Respectfully submitted,

**LEGAL AID & DEFENDER ASSOCIATION, INC. FEDERAL DEFENDER OFFICE**

s/James R. Gerometta

/s Andrew N. Wise
Attorneys for Defendant
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: 313-967-5839
E-mail: james_gerometta@fd.org
P60260

Dated:  October 1, 2010