UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                CASE NO:  10-20436
     **Plaintiff,**         HON. DAVID M. LAWSON

vs.

**THEODORE COOPER STEWART,**

     **Defendant.**
_____/

### MOTION FOR ORDER PERMITTING DEFENDANT TO PERFORM AN ADDITIONAL FORENSIC EXAMINATION OF COMPUTERS WITHIN GOVERNMENT'S POSSESSION

NOW COMES Defendant, THEODORE COOPER STEWART, by and through his attorney, RICHARD D. KORN, and respectfully requests this Honorable Court to enter an order authorizing Defendant's forensic expert to perform an additional forensic examination of the computers that are within the Government's possession and to have internet access while performing the forensic examinations, and in support of this motion states as follows:

1.    Defendant was convicted by a jury of two counts of Transportation of Child Pornography, in contravention of 18 U.S.C. § 2252A(a)(1).

2.    Defendant filed a Combined Renewed Motion for Judgment of Acquittal Pursuant to Rule 29 of the Federal Rules of Criminal Procedure and Motion for a New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  A hearing is scheduled on the Combined Motion for June 28, 2011.

3.    On January 24, 2011, an Order was entered in this matter granting Defendant permission to conduct a forensic examination of the computers that were confiscated from

him and that remained within the custody of the Government. The Order specifically provided that, "If the defendant determines that further relief is necessary after the expert's examination, the defendant may apply to the Court for additional relief."

4. Pursuant to the Court's Order, Defendant's forensic computer expert, Adam Kelly, did perform a thorough inspection of the computers that were in the possession of the Government.

5. Until recently, however, Defendant did not have an opportunity to communicate directly with Adam Kelly as to the scope, focus, and results of his examination. During the past few weeks, Adam Kelly, Attorney Richard D. Korn, and Defendant had meetings on two separate occasions at the Milan Detention Center during which Defendant was able to discuss the case directly with Mr. Kelly and question him as to the parameters and findings of his forensic examination.

6. During these conferences, Defendant repeatedly expressed his belief that the visual depictions that formed the basis for his conviction on Count I (Exhibits 8 and 9) were actually depictions of adults made to look like children and that this would become clear if the faces were still part of the images. Adam Kelly expressed his opinion that he may be able to find the original images on the internet if he could perform another examination of the computers and uncover the internet history that may still be preserved in the computers' hard drives. He would then use that information to search those websites and attempt to locate the original uncropped images. To perform this examination and investigative search Mr. Kelly would need access to the computers that are within the custody of the Government and would need a computer with internet access during the time that he is examining the

computers (which he was not permitted to have when he performed the initial examination pursuant to this Court's Order).

7. If Adam Kelly is able to provide Defendant with information that establishes that the images underlying Count I were actually cropped images of adults, then that would constitute persuasive evidence in support of Defendant's Motion for Judgment of Acquittal and Motion for a New Trial filed pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure.

8. Concurrence in this motion was sought and denied by the Government on May 27, 2011.

9. It seems fundamentally unfair and a violation of the due process of law guaranteed by the Fifth Amendment to the United States Constitution that the Government, by nature of the fact that it has sole custody of the computers, can access and examine the computers at any time for any reason but that Defendant is denied similar access, even upon a showing of a legitimate reason for requesting additional access. The inconvenience to the Government is clearly outweighed by the fundamental fairness to Defendant.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter an Order authorizing Defendant's forensic expert to perform an additional forensic examination of the computers that are within the Government's possession and to have internet access while performing the forensic examinations.

Dated:  06-09-11                              s/Richard D. Korn
                                              Attorney for Defendant
                                              645 Griswold, Suite 1717
                                              Detroit, MI 48226
                                              (313) 223-1000
                                              rdkorn@sbcglobal.net
                                              P32958

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          CASE NO:  10-20436
    Plaintiff,         HON. DAVID M. LAWSON

vs.

THEODORE COOPER STEWART,

    Defendant.
_____/

**BRIEF IN SUPPORT OF
MOTION FOR ORDER PERMITTING DEFENDANT
TO PERFORM AN ADDITIONAL FORENSIC EXAMINATION OF
COMPUTERS WITHIN GOVERNMENT'S POSSESSION**

    The Order Granting Defendant's Motion to Permit Inspection of Evidence entered by this Honorable Court on January 24, 2011, specifically provides that, "If the defendant determines that further relief is necessary after the expert's examination, the defendant may apply to the Court for additional relief."  Defendant believes that the information that may be uncovered during a second forensic examination described in the above motion could prove his innocence and would constitute persuasive evidence in support of his Motion for Judgement of Acquittal and Motion for a New Trial scheduled for a hearing on June 28, 2011.  Evidence that the images that formed the basis of Defendant's conviction in Count I were actually cropped images of adults would support his request for a Judgment of Acquittal as they would not satisfy the definition of child pornography set forth in 18 U.S.C. § 2256(8).

As stated in the motion, it seems fundamentally unfair and a violation of the due process of law guaranteed by the Fifth Amendment to the United States Constitution that the Government, by nature of the fact that it has sole custody of the computers, can access and examine the computers at any time for any reason but that Defendant is denied similar access, even upon a showing of a legitimate reason for requesting additional access. The inconvenience to the Government is clearly outweighed by the fundamental fairness to Defendant.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter an Order authorizing Defendant's forensic expert to perform an additional forensic examination of the computers that are within the Government's possession and to have internet access while performing the forensic examinations.

Dated:  06-09-11				s/Richard D. Korn
						Attorney for Defendant
						645 Griswold, Suite 1717
						Detroit, MI 48226
						(313) 223-1000
						rdkorn@sbcglobal.net
						P32958

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    CASE NO: 10-20436

      **Plaintiff,**          HON. DAVID M. LAWSON

vs.

THEODORE COOPER STEWART,

      **Defendant.**
_____/

## CERTIFICATE OF SERVICE

      I hereby certify that on June 9, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Matthew A. Roth, and
Hala Y. Jarbou
Assistant United States Attorneys
211 West Fort Street
Suite 2001
Detroit, MI 48226

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Dated: 06-09-11                            Respectfully submitted,

                                                  s/Richard D. Korn
                                                  Attorney for Defendant
                                                  645 Griswold, Suite 1717
                                                  Detroit, MI 48226
                                                  (313) 223-1000
                                                  rdkorn@sbcglobal.net
                                                  P32958