UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                        Case No. 10-20436

v.                                        Honorable David M. Lawson

THEODORE COOPER STEWART,

      Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO ALLOW DEFENDANT'S COMPUTER EXPERT TO ACCESS WEBSITE UNDER GOVERNMENT SUPERVISION AND TO CHECK DOCUMENT CREATION DATES ON DEFENDANT'S COMPUTERS**

On June 9, 2011, the defendant filed a motion seeking an order permitting his expert, Adam Kelly, to conduct an additional forensic examination of his computers, which were in the custody of the government. The defendant argued that further forensic examination might provide evidence that the images that formed the basis of the defendant's conviction on count I of the indictment were cropped images of adults rather than minors. The government responded to the motion on June 20, 2011, arguing that the defendant had already had two opportunities to have the computers examined by forensic experts and that the defendant had provided nothing more than conjecture to suggest that more complete versions of these images exist. The Court heard oral argument on the defendant's motion and granted the motion on July 1, 2011. The Court ordered that Kelly be permitted to conduct an additional forensic examination of the defendant's computers in the government's possession.

Kelly apparently performed this examination, and on August 5, 2011, the defendant filed a further motion for an order allowing his computer expert to access a website under government

supervision and to check document creation dates on the defendant's computers. In his motion, the defendant states that Kelly had informed defense counsel that a website, nncuteteenagers.com, had been accessed from the defendant's computer a few minutes prior to the creation of Exhibits 8 and 9, the images that formed the basis of the defendant's conviction on count I of the indictment. According to the defendant's motion, Kelly stated that it might be possible to use the website archive.org to determine what nncuteteenagers.com looked like on August 1, 2008, but that he would not be comfortable accessing the website outside of a government facility. The defendant also requests that his computer expert be permitted to analyze the defendant's computers to determine whether any documents had been created while the computers were in the government's possession.

The government responded on August 19, 2011. The government stated that Special Agent Josh Edwards visited the site nncuteteenagers.com on August 18, 2011 through archive.org and found that it displayed images of females that appeared to be over the age of 18. The government states that Kelly can therefore view the site from his own internet connection. The government also argues that it should not be compelled to allow the defendant's expert to use government resources to access this material, especially where defendant has provided no evidence to support his theory that the website contains the relevant images. The government argues that the defendant has been given opportunities to examine the evidence in this case that far outstrip the requirements of the Constitution and the case law.

Congress has restricted access to child pornography in criminal proceedings by providing that "any property or material that constitutes child pornography . . . shall remain in the care, custody, and control of either the Government or the court." 18 U.S.C. § 3509(m)(1). The

government must make this property "reasonably available" to the defendant in a criminal case. 18 U.S.C. § 3509(m)(2)(A). That is, the government must "provide[] ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." 18 U.S.C. § 3509(m)(2)(B). The Sixth Circuit has held that "reasonable limits on defense counsel's access to the child pornography at issue in a criminal case" does not "raise constitutional concerns." *Doe v. Boland*, 630 F.3d 491, 496 (6th Cir. 2011).

The Supreme Court recently held that there is no post-conviction right to the disclosure of material exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 129 S. Ct. 2308, 2319 (2009). The Supreme Court reasoned that "[a] criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man" because "[g]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty." *Id*. at 2320. Further, the Sixth Circuit has found that the pre-trial discovery process contained in Federal Rule of Criminal Procedure 16 is not available to a criminal defendant post-conviction. *Hawkes v. Internal Revenue Service*, 467 F.2d 787, 793 (6th Cir 1972); *see also United States v. Gibson*, 513 F.2d 978, 980 (6th Cir. 1975) (finding that the district court did not err in refusing a defendant's post-conviction motion for discovery).

The defendant was provided ample opportunity to examine the evidence in the government's possession prior to trial, including an opportunity to conduct a forensic examination on the computers in the government's custody. The Court, going beyond the requirements of the Due Process Clause, the Federal Rules of Criminal Procedure, and the statute governing access to child pornography evidence, has permitted the defendant's expert to conduct two additional post-

conviction forensic examinations on these computers. The defendant now requests that his expert be provided with government supervision to access a website and for a further opportunity to conduct a forensic examination on the computers. The defendant has provided no reason to believe that a further forensic examination would produce any relevant information. The defendant states that he has "reason to believe that the government has tampered with his computers subsequent to their confiscation" but neither provides the Court with this reason nor explains how a fourth forensic examination, and a third post-conviction examination, would provide evidence of tampering that apparently has eluded the defendant's experts up to this point. The defendant has not pointed to any case law that would suggest that the government is required to provide supervision while the defendant's expert accesses websites. Nor is there any evidence to suggest that what the defendant seeks on the website – that is, versions of exhibits 8 and 9 that show the full body of the female depicted in those exhibits – either exists or can be found on that site. Finally, the Court has denied the defendant's motion for a judgment of acquittal or for a new trial. The defendant's motion did not advance the argument that the images in exhibits 8 and 9 were not of minors or that the evidence produced at trial was the product of government tampering. Further forensic examination of the defendant's computers would not alter the Court's decision on the defendant's motion.

Accordingly, it is **ORDERED** that the defendant's motion for an order allowing defendant's computer expert to access website under government supervision [dkt. #57] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 13, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 13, 2012.

                                            s/Deborah R. Tofil
                                            DEBORAH R. TOFIL